The Memorandum and Decision below is hereby signed.

Dated: January 25, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERRAN F. PERSLEY, | ) | Case No. 07-00407 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION OF DEBTOR'S
WIFE FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE
<u>EQUITABLE DISTRIBUTION PROCEEDING REGARDING MARITAL PROPERTY</u>

The debtor acquired an interest in shares of Chemonics stock through an Employee Stock Option Plan ("ESOP"), acquiring some part of that interest before he married his wife, and part afterwards. He has not exempted that property in this case under 11 U.S.C. § 522. He and his wife are engaged in a divorce proceeding in the Superior Court for the District of Columbia that was commenced prior to the commencement of this bankruptcy case, and that has not yet resulted in a divorce decree. The debtor's wife has filed a motion seeking relief from the automatic stay to permit the Superior Court to enter a distribution decree under D.C. Code § 16-910(b) relating to the

Chemonics stock.[1]  The court will grant that motion, but provide that the distribution decree, if it alters the debtor's individual ownership of the Chemonics stock, shall not affect the rights a trustee might have to liquidate the stock for the benefit of creditors had the distribution decree not been entered.[2]

Section 16-910(b) directs that as part of any final decree of divorce issued in that proceeding, the court, with exceptions of no relevance here, shall:

> distribute . . . property . . . accumulated during the marriage . . ., **regardless of whether title is held individually** [or otherwise], in a manner that is equitable, just, and reasonable, after considering all relevant factors . . . .

[Emphasis added.]  A decree under § 16-910(b), therefore, could result in termination of the husband's individual ownership of the Chemonics stock via an award of the property to his wife.

Nevertheless, if such a decree were entered, it is likely that the debtor's loss of ownership would have no adverse impact on the creditors in this case.  That is because the debtor's case is pending as a chapter 13 case, not as a liquidation case under

---

[1] She has agreed that she will not seek an equitable distribution to her of any other property in which the debtor has an interest.  The court's order will make clear that the husband is free to pursue an equitable distribution to him of any property addressed by § 16-910(b).

[2] This decision supplants the court's earlier oral decision.

chapter 7.  The debtor does not contend that retention of the Chemonics stock is necessary in order for him successfully complete his confirmed chapter 13 plan.  He has not contended that he intends to liquidate the interest in order to fund his plan.  (In opposing the motion, his attorney noted at the hearing on the motion that the interest is in the nature of a future interest because it is pursuant to an ESOP, and that the Chemonics stock could not be sold at this time because of its future interest character.)  Moreover, as demonstrated by his schedules I and J and the trustee's recommendation regarding confirmation of his plan, his projected monthly disposable income vastly exceeds the monthly payment called for by his confirmed plan.  Accordingly, the plan likely will be completed without the necessity of liquidating the debtor's interest in the Chemonics stock.

Moreover, the debtor's interest in the stock came into the bankruptcy case subject to whatever potential interest his wife might have in the property under D.C. Code § 16-910(b).  The intervention of bankruptcy stayed, but did not destroy the debtor's wife's right to seek a distribution to her of the property under § 16-910(b).  Moreover, it is clear that the Superior Court, and not this court, would be the appropriate court to adjudicate what is the appropriate distribution to the debtor's wife under § 16-910(b) incident to any final divorce

3

decree.[3]

However, on the date of the commencement of this bankruptcy case, the debtor's interest in the Chemonics stock became property of the bankruptcy estate, 11 U.S.C. § 541, and pursuant to powers that the bankruptcy trustee enjoys as of the commencement of the case, the trustee might be able to defeat the wife's contingent interest in the property arising from her right to seek an equitable distribution under § 16-910(b).  Under 11 U.S.C. § 544(a), the trustee has

> as of the commencement of the case, . . . the rights and powers of . . .
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial line on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; [or]
>> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

Whether the wife's potential right to a distribution to her of part or all of the debtor's interest in Chemonics stock would be trumped under § 544(a) by a hypothetical judgment lien creditor

---

[3] For example, one of the factors to be taken into account in making such a distribution is, as listed in § 16-910(b)(4), "whether the distribution is in lieu of or in addition to alimony."  Plainly the Superior Court is the court that can adjust alimony downwards by increasing the amount of a distribution to a spouse under § 16-910(b).

4

or by a hypothetical execution creditor is an issue that need not be decided at this juncture, and it makes sense not to waste judicial resources prematurely addressing that issue. The outcome of that issue depends on whether, prior to entry of a divorce decree, the wife's rights under D.C. Code § 16-910 in property titled in the name of the debtor do not affect the rights of the debtor's creditors, and I only need note that it is possible (and perhaps even probable) that the trustee would prevail on that issue. See Schachter v. Lefrak (In re Lefrak), 223 B.R. 431, 439 (Bankr. S.D.N.Y. 1998) (under New York law, a wife's right in a pending divorce proceeding to seek an equitable distribution of "marital property" titled in the name of the husband does not affect the rights of the husband's creditors); In re Becker, 136 B.R. 113, 118 (Bankr. D.N.J. 1992) (a bankruptcy filing is "the equivalent of a levy by the trustee upon all the debtor's property as of the petition date.").[4] But when a trustee invokes § 544 powers, a debtor's spouse may have

---

[4] See also In re Thomas, 331 B.R. 798, 801 (Bankr. W.D. Ark. 2005), citing In re Cole, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996)), aff'd, 227 B.R. 222 (S.D.N.Y. 1998); In re Abma, 215 B.R. 148, 152 (Bankr. N.D. Ill. 1997); In re Cole, 202 B.R. at 360; In re Palmer, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987); In re Vann, 113 B.R. 704, 706 (Bankr. D. Colo. 1990); In re Tucker, 95 B.R. 796 (Bankr. D. Colo. 1989); Polliard v. Polliard (In re Polliard), 152 B.R. 51, 54 (Bankr. W.D. Pa. 1993); Perlow v. Perlow, 128 B.R. 412 (E.D.N.C.1991); In re Greenwald, 134 B.R. 729, 731 (Bankr. S.D.N.Y. 1991); In re Hilsen, 100 B.R. 708, 711 (Bankr. S.D.N.Y. 1989), rev'd on other grounds, 119 B.R. 435 (S.D.N.Y. 1990).

valid arguments to defeat that invocation depending on state law and what provision of § 544 was invoked.  See In re Ebel, 144 B.R. 510 (Bankr. D. Colo. 1992) (trustee's invocation under § 544(a)(3) of the rights of a hypothetical purchaser of real property that was the subject of a pending equitable distribution proceeding were defeated because the property was in custodia legis such as to put the hypothetical purchaser on notice of the proceeding).

As noted already, it is likely that the equitable distribution decree that the Superior Court enters will have no impact on the administration of this case.  Nevertheless, there is the possibility that the case could be converted to chapter 7 should the debtor's financial circumstances worsen (for example, through loss of employment).  In such a chapter 7 case, the chapter 7 trustee would want to be able to liquidate the debtor's interest in the Chemonics stock for the benefit of creditors.  If there had been no alteration of the debtor's ownership of the Chemonics stock, the chapter 7 trustee would likely attempt to protect the interest of creditors by invoking under § 544(a) the powers, as of the commencement of the case, of a hypothetical judgment lien or execution creditor under § 544(a), and attempt to demonstrate that such a creditor's rights in the debtor's Chemonics stock interest trumped the contingent rights of the debtor's wife, as of the commencement of the case, in such

property pursuant to D.C. Code § 16-910(b).

The chapter 13 trustee accordingly has a legitimate concern that allowing a distribution decree regarding the Chemonics stock to be entered in favor of the debtor's wife in the divorce proceeding would end the debtor's ownership interest in the Chemonics stock, thereby terminating the estate's interest in the property with the consequence that the powers of a trustee under § 544(a) would no longer be available because the property is no longer property in which the estate has an interest.  See Meininger v. Harp (In re Stoops), 209 B.R. 1 (Bankr. M.D. Fla. 1997).[5]  The chapter 13 trustee could intervene in the Superior

---

[5]  This is not a case like Roberge v. Roberge (In re Roberge), 188 B.R. 366 (E.D. Va. 1995), aff'd sub nom. Roberge v. Buis, 95 F.3d 42 (4th Cir. 1996) (unpublished opinion), which did not raise such a concern because it involved not individually owned property of the debtor, but instead tenants by the entireties property.  There was no danger in Roberge that individually-owned property of the estate that may have been subject to execution by creditors prepetition, and that had become property of the estate on the petition date, would lose that character via an equitable distribution decree.  Without an equitable distribution decree, the debtor in In re Roberge had no interest in that property that creditors holding claims against him (but not against the non-debtor spouse) could execute.  Under state law, the divorce decree was to terminate the entireties estate and, as part and parcel of the divorce, the state court was required to make an equitable distribution of the property between the spouses.  An equitable distribution being necessary in order to determine what was available to creditors, the only question was whether the bankruptcy court should decide the equitable distribution, and plainly that was a matter of domestic relations law that should be decided by the state court instead. That the equitable distribution might be 100% to the non-debtor spouse would not make creditors worse off than before the divorce.

7

Court proceeding to assert that she has a superior interest in the debtor's individual property by virtue of § 544(a) that should be decreed to trump the debtor's wife contingent distribution rights, and thereby assure that any distribution decree would not diminish the rights of the trustee under § 544(a) should it ever be necessary to liquidate the Chemonics stock in order to pay the creditors in this case.  See Ford v. Skorich, 2006 WL 2482694 (D.N.H. 2006) (trustee intervened in divorce proceeding, and thus had opportunity to protect interests of bankruptcy estate); In re Becker, 136 B.R. 113, 119 (Bankr. D.N.J. 1992) ("If a New Jersey divorce court simply applies principles of equitable distribution as if the bankruptcy trustee were not equivalent to a creditor with a perfected lien on the debtor spouse's property interests, it will err as a matter of law in these situations.").  But that would impose upon her limited time available to handle the many chapter 13 cases she administers in this court.

   Resort by a trustee to § 544(a) powers in order to protect creditors is unlikely to ever be necessary.  Accordingly, it makes little sense to put the trustee to the burden of intervening in the Superior Court proceeding to invoke her § 544(a) power in that proceeding in order to preserve any superior interest the estate may have in the property under § 544(a) that would trump a potential distribution award to the debtor's wife

under D.C. Code § 16-910(b).  Accordingly, I would have discretion not to permit the equitable distribution proceeding to go forward until the bankruptcy case is concluded.  See In re Bamman, 239 B.R. 560 (Bankr. W.D. Mo. 1999).  On the other hand, however, it makes little sense to delay the Superior Court distribution proceeding to determine what part of the Chemonics stock the debtor's wife is entitled to receive should, as seems likely, resort to the § 544(a) power prove to be unnecessary to protect creditors.  Keeping the automatic stay in place would delay resolution of the Superior Court divorce proceeding which is ready to be tried next month.  The solution that protects the interests of both the estate and the debtor's wife is to permit the Superior Court to decree what the debtor's wife is entitled to receive should the § 544(a) power never be invoked to trump her rights, but to make clear that the lifting of the automatic stay does not permit the distribution decree entered by the Superior Court to diminish whatever rights a trustee in this case would have to pursue liquidation of the Chemonics stock (under § 544(a) or otherwise) if the equitable distribution decree had not

been entered.[6]

It is accordingly

ORDERED that relief from the automatic stay is granted for the purpose of allowing the Superior Court of the District of Columbia to enter a decree pursuant to D.C. Code § 19-610 in the divorce proceeding of the debtor and his wife, except that:

> (1) the debtor's wife shall not seek a distribution to her pursuant to § 19-610(b) of any property titled in the debtor's name (or jointly in the debtor's and the wife's name) other than that part of his interest in Chemonics stock through his Employee Stock Option Plan that was acquired by the debtor after the parties' marriage (with the Superior Court to adjudicate what part was acquired before

---

[6] I recognize that one factor the Superior Court is supposed to address is whether the Chemonics stock should be awarded to the debtor's wife based on the amount of alimony awarded in the case. Stated another way, but for this bankruptcy case, the Superior Court might decide to award the debtor's wife a relatively small alimony amount if it awarded her the Chemonics stock. The possibility that the Chemonics stock might eventually be liquidated in the bankruptcy case and distributed to the debtor's creditors may make it difficult to fix the amount of alimony that is appropriate upon decreeing that, as between the two spouses, the wife is entitled to the Chemonics stock. However, the Superior Court likely will be able to condition the amount of the alimony on the eventual treatment of the Chemonics stock in the bankruptcy case: if it is never liquidated in the bankruptcy case, the alimony could remain unchanged, but otherwise the decree could provide for an increase in the alimony. Alternatively, it could leave the award of alimony subject to adjustment if that proved necessary based on events in the bankruptcy case.

the marriage, and thus is assignable to the debtor under D.C. Code § 19-610(a), and what part was acquired after the marriage); and

(2) if the decree under § 19-610 makes an award to the debtor's wife of part or all of the Chemonics stock, the decree shall expressly provide that the award does not diminish and is subject to whatever rights a trustee in this bankruptcy case would have to pursue liquidation of the Chemonics stock (under 11 U.S.C. § 544(a) or otherwise) if the decree had not been entered, and the decree shall be void with respect to such rights of the trustee if the decree fails to include such a provision.

It is further

ORDERED that the debtor's wife may not enforce any award to her of the Chemonics stock so long as the automatic stay applies in this case, but she may file a further motion to permit enforcement of such an award based on further developments in the bankruptcy case.

[Signed and dated above.]

Copies to: Debtor; Scott D. Arnopol, Esq. [Debtor's attorney]; Cynthia A. Niklas, Chapter 13 Trustee; Nakia Waggoner, Esq. [Counsel for Debtor's Wife]; Burth Lopez, Esq. [Counsel for Debtor's Wife].